IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CONTINENTAL CARBON COMPANY, )
                             )
           Plaintiff,        )
                             )
vs.                          )  Case Number CIV-10-702-C
                             )
NATIONAL UNION FIRE INSURANCE )
COMPANY OF PITTSBURGH, PA,   )
                             )
           Defendant         )

## MEMORANDUM OPINION AND ORDER

Plaintiff is a Delaware corporation with its principal place of business in Houston, Texas. Plaintiff manufactures carbon black at plants located in Alabama and Oklahoma. From 1997 through 2002, Defendant provided insurance coverage to Plaintiff. In 2001, Plaintiff was sued in Alabama for polluting an area around its manufacturing plant. Plaintiff turned to Defendant to defend it and the request was refused. Defendant also refused to indemnify Plaintiff for the damages awarded by the jury. In September of 2007, Plaintiff filed a lawsuit against Defendant in Alabama seeking an order requiring insurance coverage. As part of an attempt to settle the dispute, the parties entered into a "Tolling Agreement." After settlement discussions failed, the parties engaged in an arbitration in Texas.[1] The arbitration ended on May 3, 2010, with the final award entered on June 3, 2010. On June 21, 2010, Defendant filed a Motion to Confirm Arbitration Award in federal court in Texas. On July 2, 2010, Plaintiff filed the present action.

---

[1] The insurance policy in dispute required arbitration of the coverage issue.

The parties are in dispute over whether the Motion to Confirm or the filing of the present action violated the terms of the Tolling Agreement. To resolve this conflict, the Court looks to Alabama law[2] governing the interpretation of a contract. Under Alabama law, the interpretation of a contract and whether it is ambiguous is a question of law to be decided by the Court. FabArc Steel Supply, Inc. v. Composite Constr. Sys., Inc., 914 So.2d 344, 357 (Ala. 2005). Here, the parties agree the Tolling Agreement placed restrictions on the ability of either party to file a court action while the Agreement was in force. The parties also agree that the original termination date of the Agreement as modified was 30 days after the date of the final arbitration award. In dispute here is what was meant by the phrase, "Nothing in this Tolling Agreement in any way affects the proposed arbitration between Continental and National Union pending with the American Arbitration Association under the Commercial Arbitration Rules" (Dkt. No. 16, Exh. 1, ¶ 5) and the phrase "other proceeding" which exists in various places in the Agreement where a party's right to file a lawsuit, during the pendency of the Agreement, is restricted. Plaintiff argues that the Motion to Confirm violated the "other proceeding" term and thereby violated the Agreement. Defendant argues that the Motion to Confirm was part and parcel of the arbitration and the terms of ¶ 5 dictate that actions related to the arbitration could proceed.

The Court finds the phrase "other proceeding" ambiguous because it is a general term which includes various subcategories of dispute resolution between two parties other than

---

[2] The terms of the Tolling Agreement dictate that it shall be construed in accordance with Alabama law.

court action. See FabArc, 914 So.2d at 357 ("A contractual provision is ambiguous if it is reasonably susceptible of more than one meaning."). Because the Tolling Agreement is ambiguous, the Court must now look to the intent of the parties as an aid in determining the meaning of the contract provisions. The Court is guided by the following standards set by Alabama law:

> In construing an ambiguous contract to determine the intent of the parties, the Court should be guided by the following principles. The Court derives the intent of the parties from the contract as a whole. Ex parte University of South Alabama, 812 So.2d 341 (Ala. 2001); Land Title Co. of Alabama v. State ex rel. Porter, 292 Ala. 691, 299 So.2d 289 (1974). The relations of the parties, the subject matter of the contract, and the object to be accomplished may be looked to in construing the contract to ascertain the intention of the parties. Pacific Ins. Co. v. Wilbanks, 283 Ala. 1, 214 So.2d 279 (1968); City of Birmingham v. I.E. Morris & Assocs., 256 Ala. 273, 54 So.2d 555 (1951); Merchants' Nat'l Bank of Mobile v. Hubbard, 220 Ala. 372, 125 So. 335 (1929).

FabArc, 914 So.2d at 358-59. Considering the history of the conflict between the parties set forth in the briefs and the language of the Tolling Agreement, it is clear that the intent was to end the coverage action filed by Defendant and give the parties a chance to either settle their differences or allow them to be resolved through the arbitration. This intent is clear from ¶ C of the Recitals Section of the Tolling Agreement, as well as ¶ 5 of the same document. Therefore, when defining the term "other proceedings," the Court finds the phrase to include actions, other than the anticipated arbitration, whether in court or some other forum, which would address the coverage question.

The purpose of a motion to confirm following an arbitration award is not to determine whether or not insurance coverage existed but to convert the award of the arbitration panel

into a court judgment. See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006) ("Because '[a]rbitration awards are not self-enforcing,' they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part.") (quoting Hoeft v. MVL Group, Inc., 343 F.3d 57, 63 (2d Cir. 2003)). The Court finds that because the parties intended for the arbitration proceeding to move forward, they could not have intended to include a motion to confirm that award within the phrase "other proceeding." Therefore, Defendant's filing of that motion did not breach the Tolling Agreement and it was still in force and effect when Plaintiff filed the present action. As noted above, under the terms of the Tolling Agreement, the present action violates that agreement because it was filed 29 days after the award was entered rather than the 30 days required by the agreement.[3]

The question now becomes the appropriate remedy for Plaintiff's breach. Defendant argues that dismissal is appropriate, citing cases from various jurisdictions. However, as noted above, this agreement must be construed and enforced according to Alabama law. The Court has been unable to locate any Alabama case directly on point. However, the question is whether Defendant has an adequate remedy for Plaintiff's breach at law. Clearly, no adequate legal remedy exists. Thus, under Alabama law, Defendant is entitled to specific performance. See Grayson v. Boyette, 451 So.2d 798, 800 (Ala. 1984) ("If, however, the

---

[3] Plaintiff's Complaint requests a determination of coverage and requests damages for denying a defense and/or coverage in bad faith. Thus, there can be no doubt that Plaintiff's filing is within the scope of the Tolling Agreement. (See Dkt. No. 1.)

4

loss occasioned by the breach cannot be fully compensated for in an action at law, specific performance will be granted.") (citing Huddleston v. Williams, 103 So.2d 809 (Ala. 1958)). In this case, specific performance would be to bar any action which was filed before expiration of and in breach of the tolling agreement. Therefore, Plaintiff's case will be dismissed to give the parties the benefits of their bargain.[4]

As set forth more fully herein, Defendant National Union Fire Insurance Company of Pittsburgh, PA's Motion to Dismiss (Dkt. No. 16) is GRANTED. This action is DISMISSED without prejudice. Plaintiff's Motion to Determine Which of the Current Federal Actions Pending Between the Parties Should Proceed (Dkt. No. 20) and Plaintiff's Motion to Vacate Arbitration Award (Dkt. No. 21) are STRICKEN as moot. A judgment will enter.

IT IS SO ORDERED this 20th day of October, 2010.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge

---

[4] The Court notes that even if specific performance were not ordered, dismissal or transfer of the present case in favor of the earlier filed action in Texas would be appropriate. Despite Plaintiff's arguments to the contrary, the Texas case provides an adequate forum to resolve the parties' disputes and it was the first appropriately filed case.